**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| EDWARD VYSTRCIL, et al., | ) | CASE NO. 4:17CV781 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MERCY HEALTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #22) of Plaintiffs, Edward and Judy Vystrcil, for Leave to Amend Complaint. For the following reasons, the Motion is granted.

**I. FACTUAL BACKGROUND**

The above-captioned action was removed to this Court on April 12, 2017. Plaintiffs brought suit against Defendants for unlawfully attempting to collect a debt for medical services which Plaintiffs allege has been paid in full. In their Motion, Plaintiffs seek leave to amend in order to clarify their negligence claim against Defendant Frost-Arnett Company, Inc. and to assert an additional Fair Debt Collection Practices Act claim against Frost-Arnett.

Frost-Arnett opposes the Motion because Plaintiffs failed to attach a copy of the proposed pleading or to provide a legitimate basis for amendment. The Court has since ordered Plaintiffs to submit a copy of their proposed amended complaint.

## II. LAW AND ANALYSIS

**Motion to Amend**

Fed.R.Civ.P. 15(a)(2) reads in part, "The court should freely give leave [to amend] when justice so requires." However, this liberal amendment policy is not without limits. The Sixth Circuit has observed: "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir.2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)).

Delay, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 800 (6th Cir.2002). In addition, when discovery is in the early stages as is the situation here, any prejudice from entertaining an amended pleading is minimal.

Addressing the contention that an amendment might necessitate another dispositive motion, the Sixth Circuit noted that "another round of motion practice ... does not rise to the level of prejudice that would warrant denial of leave to amend." *Morse*, 290 F.3d at 801.

"In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir.1994).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Cicchini v. Blackwell*, 127 F.App'x 187, 190 (6th Cir. 2005) citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 518 (6th Cir. 2001).

In the instant matter, the Court believes that all of the key factors to be considered weigh in favor of allowing Plaintiffs to amend. Moreover, the Court acknowledges the well-settled principle that "federal courts have a strong preference for trials on the merits." *Clark v. Johnston,* 413 F.App'x 804, 819 (6th Cir. 2011). Any dispute over the viability of Plaintiffs' claims is more appropriately addressed through dispositive motion practice and not at the pleading stage of the litigation.

### III. CONCLUSION

Therefore, the Motion (ECF DKT #22) of Plaintiffs, Edward and Judy Vystrcil, for Leave to Amend Complaint is granted. Plaintiffs shall file their amended pleading on or before March 28, 2018. In light of this ruling, the Motion (ECF DKT #19) of Defendant Frost-Arnett Company, Inc. for Judgment on the Pleadings is denied as moot.

**IT IS SO ORDERED.**

**DATE: 3/21/2018**

                                          **S/Christopher A. Boyko**
                                          **CHRISTOPHER A. BOYKO**
                                          **United States District Judge**